**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **IBERIABANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION 15-0226-WS-B** |
| | ) |
| **CASE CONSTRUCTION, LLC,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion for Entry of Default Judgment (doc. 17).  The Motion is ripe for disposition.

**I.    Background.**

Plaintiff, Iberiabank, brought this action for breach of loan and guaranty obligations against Case Construction, LLC, Stephen G. Case, and Tracey S. Case.[1]  The Complaint alleges that Case Construction, LLC executed and delivered to Iberiabank a second renewal promissory note dated December 11, 2013 in the principal amount of $750,000, then subsequently defaulted by failing to make a required payment of all outstanding principal plus all accrued unpaid interest due on January 11, 2015.  (Doc. 1, ¶¶ 21-29.)  After Iberiabank exercised its contractual right of set-off using funds from defendants' demand deposit accounts held at Iberiabank, the Complaint alleges, Case Construction owes principal of $361,482.90 plus interest and other

---

[1]       Federal subject matter jurisdiction was properly predicated on the diversity provisions of 28 U.S.C. § 1332.  The well-pleaded allegations of the Complaint confirm that Iberiabank is a Louisiana corporation with its principal place of business in Lafayette, Louisiana; that Stephen and Tracey Case are both Alabama citizens; and that Case Construction LLC appears to be an Alabama citizen for diversity purposes because all of its members are Alabama citizens.  Moreover, the face of the Complaint demonstrates that the amount in controversy (*i.e.*, the unpaid amounts claimed by Iberiabank) greatly exceeds $75,000, exclusive of costs and attorney's fees.  Thus, there appears to be complete diversity of citizenship between Iberiabank and defendants, and the $75,000 jurisdictional threshold appears satisfied, giving rise to § 1332 jurisdiction.

applicable charges on the defaulted promissory note. (*Id.*, ¶¶ 32-34.) The Complaint further alleges that defendant Stephen G. Case executed a continuing, unlimited personal guaranty in favor of Iberiabank, in which he absolutely and unconditionally guaranteed the full and punctual payment and satisfaction of Case Construction's indebtedness to Iberiabank. (*Id.*, ¶¶ 11-13.) Stephen Case is alleged to have defaulted on those guaranty obligations after Case Construction defaulted on the promissory note.

Also at issue in the Complaint is a separate $1,000,000 line of credit that Iberiabank extended to Stephen G. Case and Tracey S. Case on December 27, 2011. (*Id.*, ¶ 35.) The Complaint reflects that the Cases defaulted on their obligations under the line of credit by failing to pay the monthly installment payment due on January 19, 2015, and all subsequent payments, and that the Cases failed to make any cure payments after Iberiabank demanded same. (*Id.*, ¶¶ 42, 44.) The Complaint alleges that the Cases are presently indebted to Iberiabank under the line of credit in the principal amount of $1,000,000, plus interest and other applicable charges. (*Id.*, ¶ 43.)

On the strength of these and other related factual allegations, Iberiabank's Complaint asserted the following three causes of action: (i) a claim for breach of commercial loan against Case Construction; (ii) a claim for breach of guaranty of commercial loan against Stephen G. Case; and (iii) a claim for breach of line of credit against Stephen G. Case and Tracey S. Case. (*Id.*, ¶¶ 46-56.) Iberiabank seeks recovery of all unpaid principal, accrued interest, other applicable charges, and reasonable attorney's fees.

The court file reflects that all three defendants were served with process via personal service in early May 2015. In particular, returns of service demonstrate that a private process server served the Summons and Complaint on Stephen Case and Case Construction at an address in Mobile, Alabama on May 11, 2015 (docs. 8, 9), and that he served the Summons and Complaint on Tracey Case at a different address in Mobile, Alabama on May 12, 2015 (doc. 10). When defendants failed to appear or file a responsive pleading within the time prescribed by Rule 12(a), Fed.R.Civ.P., Iberiabank applied to the Clerk of Court for entry of default on June 8, 2015. (Docs. 11-13.)[2] On June 12, 2015, a Clerk's Entry of Default was entered against each

---

[2]     Accompanying certificates of service indicate that Iberiabank served copies of these Applications for Entry of Default on each defendant at the addresses where service of (Continued)

defendant pursuant to Rule 55(a), Fed.R.Civ.P., for failure to plead or otherwise defend.  (Docs. 14-16.)  Three days later, Iberiabank moved for entry of default judgment, and served notice of such request on each defendant via U.S. mail addressed to his, her or its last known address. (Doc. 17.)  Despite entry of default against them and repeated notification of these default proceedings, defendants have never appeared or defended in this action, much less undertaken to set aside the entry of default or forestall entry of default judgment.

II.     **Analysis.**

        A.      ***Entry of Default Judgment is Appropriate.***

        In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982) ("Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment.").  Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

        Where, as here, defendants have failed to appear or otherwise acknowledge the pendency of a lawsuit for more than two and a half months after being served, entry of default judgment is appropriate.  Indeed, Rule 55 itself provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend."  Rule 55(a), Fed.R.Civ.P.  In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process.[3]  In short, "[w]hile modern courts

_____

process was achieved.  (Docs. 11-13.)  Thus, defendants were placed on notice of the ongoing default proceedings against them in early June 2015.

        [3]      *See, e.g., In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) ("Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate."); *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) ("when the court finds an intentional failure of responsive pleadings there need be no other finding" to justify default judgment); *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1290 (S.D. Ala. 2010) ("Where, as here, a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit for more than three months after being served, entry of default judgment is appropriate."); *Kidd v. Andrews*, 340 F. Supp.2d 333, 338 (W.D.N.Y. 2004) (entering default (Continued)

do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (citation omitted).  That is precisely what defendants have done here.  Despite being served with process back on May 11 and 12, 2015, Case Construction, Stephen Case and Tracey Case have declined to appear or defend, and have thereby stopped the progress of this litigation dead in its tracks.

The law is clear, however, that defendants' failure to appear and the Clerk's Entry of Default do not automatically entitle Iberiabank to a default judgment in the requested (or any) amount.  Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga. 2004); *see also Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (similar); *Descent v. Kolitsidas*, 396 F. Supp.2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief").  Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof.").

In light of these principles, the Court has reviewed the Complaint and is satisfied that Counts One, Two and Three set forth viable causes of action against defendants under Alabama law.  In particular, Count One alleges that Case Construction defaulted on its payment obligations to Iberiabank under a promissory note by failing to make payment when due.  Similarly, Count Two alleges that Stephen Case defaulted on his payment obligations to Iberiabank under a guaranty by failing to pay the defaulted indebtedness of Case Construction, as

---

judgment against defendant who failed to answer or move against complaint for nearly three months); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000) (entering default judgment against counterclaim defendant who had failed to answer or otherwise respond within time provided by Rule 12(a)(2)).

he had promised to do.  And Count Three alleges that Stephen Case and Tracey Case breached the terms of a line of credit by failing to make payment to Iberiabank when due.  These and other factual allegations set forth in Counts One, Two and Three of the Complaint are adequate to state viable causes of action under Alabama law for recovery under the note, the guaranty and the line of credit.[4]  Because the well-pleaded factual allegations in the Complaint are deemed admitted by virtue of defendants' default, and because they are sufficient to state actionable breach-of-contract claims under Alabama law, the Court finds that Case Construction is liable to Iberiabank on Count One, that Stephen Case is liable to Iberiabank on Count Two, and that Stephen Case and Tracey Case are liable to Iberiabank on Count Three.

In short, entry of default judgment against all defendants is appropriate pursuant to Rule 55, given their failure to appear after service of process and the sufficiency of the well-pleaded factual allegations of the Complaint (all of which defendants have now admitted) to establish their liability to Iberiabank on the specified claims.

### B.    Plaintiff's Damages.

#### 1.    Applicable Legal Standard.

Notwithstanding the propriety of default judgment against defendants, it remains incumbent on Iberiabank to prove its damages.  "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks.").  Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v.*

---

[4]    *See generally Barrett v. Radjabi-Mougadam*, 39 So.3d 95, 98 (Ala. 2009) (elements of breach of contract claim under Alabama law are valid contract, plaintiff's performance, defendant's nonperformance, and damages); *Christy v. Smith Mountain, Inc.*, 855 So.2d 1103, 1106 (Ala.Civ.App. 2003) (complaint stated claim for unpaid account by alleging that defendant owed plaintiff sum certain pursuant to agreement between parties for sale of materials).

*Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11ᵗʰ Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8ᵗʰ Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc.*, 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").[5]  "Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking default judgment must *show* the Court what those damages are, how they are calculated, and where they come from."  *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1294 (S.D. Ala. 2010).

### 2.    *The Promissory Note and Guaranty.*

With regard to the promissory note breached by Case Construction, Iberiabank's evidence shows that at the time of breach, the total outstanding principal balance was

---

[5]    In that regard, the Eleventh Circuit has explained that "[f]ederal law similarly requires a judicial determination of damages absent a factual basis in the record," even where the defendant is in default.  *Anheuser Busch*, 317 F.3d at 1266.  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages.  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11ᵗʰ Cir. 2005).  However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *Id.* at 1232 n.13; *see also Flynn v. Extreme Granite, Inc.*, 671 F. Supp.2d 157, 160 (D.D.C. 2009) (district court is not required to hold hearing to fix damages in default judgment context as long as it ensures there is a basis for damages specified); *Eastern Elec. Corp.*, 652 F. Supp.2d at 605 ("In considering the amount of damages ..., the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant."); *Virgin Records*, 510 F. Supp.2d at 593-94 ("Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show ... damages, no evidentiary hearing is required."); *Natures Way Marine, LLC v. North American Materials, Inc.*, 2008 WL 801702, *3 (S.D. Ala. Mar. 24, 2008) ("Although the trial court must make determinations as to the amount and character of damages, it is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation.").  Iberiabank has not requested a damages hearing, but has instead submitted detailed evidence in support of its requested damages amount.  In light of these authorities and circumstances, the damages determination will stand or fall on this written evidentiary submission, without the necessity of a formal hearing.

$605,815.19.  (Compton Aff. (doc. 17, Exh. A), ¶ 24.)  Plaintiff's evidence further demonstrates that it exercised its contractual right of set-off to apply funds from Case Construction's and Stephen Case's demand deposit accounts held at Iberiabank against the loan balance.  (*Id.*, ¶¶ 26, 31.)  Those setoff sums totaled $244,332.29.  (*Id.*)  After Iberiabank offset those amounts against the outstanding principal balance, the remaining principal amount owed by Case Consruction on the promissory note (and also owed by Stephen Case on the guaranty) is **$361,482.90**.  (*Id.*, ¶ 33.)  To that principal balance is added contractual interest at a default rate of 17% per annum calculated on a 365-day year from January 11, 2015 (the date of default) through the present.  (*Id.*)[6]  This equates to a per-diem rate of $168.36, added across the 204 days from default until entry of judgment, for a total of **$34,345.83** in interest due and owing on the promissory note and guaranty.

In light of the foregoing, damages are properly awarded against Case Construction on Count One, and against Stephen G. Case on Count Two, in the amount of **$395,828.73** (or $361,482.90 in principal, plus $34,345.83 in interest).

### 3.    *The Line of Credit.*

With respect to Count Three concerning the line of credit, Iberiabank makes a showing that the total credit limit for the line of credit it issued to Stephen and Tracey Case in December 2011 was $1 million.  (Cormier Aff. (doc. 17, Exh. B), ¶ 5.)  Plaintiff's evidence is that the Cases defaulted on their line of credit by failing to make monthly installment payments due on January 19, 2015 and thereafter, and that the outstanding principal balance on the line of credit at the time of such default was **$1,000,000**.  (*Id.*, ¶¶ 12-13.)  Plaintiff also shows that the Cases have incurred additional charges on the line of credit, in the form of **$150.00** in annual fees, **$300.00** in late charges, and **$464.00** in appraisal fees.  (*Id.*, ¶¶ 10, 11, 17.)[7]  The relevant agreement also called for application of a default rate of 18% per annum.  (*Id.*, ¶ 17.)  As such, interest has accrued on the Cases' outstanding indebtedness on the line of credit at a per-diem rate of

---

[6]      The subject promissory note included a provision that the interest rate was to be increased to 17% per annum upon default.  (Compton Aff., at Exh. 6-LC, at 1.)

[7]      The "HELOC Account Agreement and Disclosure" establishing the Cases' line of credit with Iberiabank had specific provisions for an annual fee of $50.00, a late charge fee of $100 per occurrence, and for the Cases to pay an appraisal fee of up to $515.00.  (Cormier Aff., Exh. 1-JC at 2-3.)  As such, those charges are properly included in the default judgment.

$493.15, added across the 196 days from default until entry of judgment, for a total of **$96,657.53** in interest due and owing on the line of credit.

In light of the foregoing, damages are properly awarded against Stephen G. Case and Tracey S. Case on Count Three, in the amount of **$1,097,571.53**.

### 4.    *Attorney's Fees.*

In addition to the unpaid principal, default interest and other charges specified above, Iberiabank seeks an award of attorney's fees in the total amount of $25,000. "Alabama follows the American rule, whereby attorney fees may be recovered if they are provided for by statute or by contract …." *Jones v. Regions Bank*, 25 So.3d 427, 441 (Ala. 2009) (citations omitted); *see also Battle v. City of Birmingham*, 656 So.2d 344, 347 (Ala. 1995) (same).[8] The law is clear that "provisions regarding reasonable attorney's fees are terms of the contracts susceptible to breach." *Army Aviation Center Federal Credit Union v. Poston*, 460 So.2d 139, 141 (Ala. 1984). That said, requests for contractually-authorized attorney's fees are subject to a reasonableness review, and are left to the discretion of the trial court. *See, e.g., Willow Lake Residential Ass'n, Inc. v. Juliano*, 80 So3d 226, 241 (Ala.Civ.App. 2010) ("Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation."); *Jones v. Sherrell*, 52 So.3d 527, 531 (Ala.Civ.App. 2010) ("An award of attorney fees, where permissible, is a matter within the discretion of the trial court and will not be reversed on appeal absent a showing that the trial court abused its discretion.") (citations omitted).

The subject agreements all have fee-shifting provisions. The guaranty provision signed by Stephen Case specified that he "agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty." (Compton Aff., Exh. 2-LC, at 2.) The promissory note executed by Case Construction, LLC, provided that "Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount." (*Id.*, Exh. 6-LC, at 1.) And the agreement establishing the line of credit for Stephen and Tracey Case

---

[8]    The Court applies Alabama law to the attorney's fees and costs components of plaintiff's damages request because: (i) all relevant contract documents expressly provide that they are governed by the laws of the State of Alabama; and (ii) "a federal court sitting in diversity will apply the choice of law rules for the state in which it sits," *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005).

likewise included a provision specifying that, "If we have to turn your Credit Line Account over to an attorney for collection, you further agree to pay our reasonable attorneys' fees in an amount not exceeding 25.00% of the principal balance due on the Credit Line Account." (Cormier Aff., Exh. 1-JC, at 4.)  Thus, the relevant agreements all have valid fee-shifting provisions.

Nonetheless, there are several problems with Iberiabank's request for an award of attorney's fees.  As an initial matter, Iberiabank has presented its proposed attorney's fee award as a lump sum, without endeavoring to disentangle which attorney's fees it incurred in attempting to collect on the promissory note, which on the guaranty, and which on the line of credit.  Under Iberiabank's proposed judgment, then, Case Construction would be held responsible for costs of collection for the line of credit extended to Stephen and Tracey Case, and Tracey Case would be held responsible for the costs of collection for the promissory note executed by Case Construction.  The fee-shifting provisions are not so broad as to allow Iberiabank to hold a debtor liable for attorney's fees and collection costs it incurred in collecting a different debt from a different obligation against a different debtor.

More fundamentally, Iberiabank has given the Court no factual basis to assess reasonableness of the claimed rates or hours.  Plaintiff does not identify which timekeeper worked on which tasks, or how much time was spent on any task.  Plaintiff offers no evidence that the claimed rates are reasonable in the applicable legal market for this kind of routine collection work from non-responsive debtors.  Several of the tasks listed in plaintiff's fee request appear to constitute non-recoverable clerical functions.  Additionally, the fee request builds in an unspecified cushion for an undisclosed number of billable hours that have not been expended, based on counsel's projection of the time and legal fees "anticipated to be incurred" as the matter goes forward.  Again, the Court has absolutely no means of assessing reasonableness of those projections.

Under the circumstances, and given these substantial flaws in plaintiff's proof, the Court exercises its discretion to **disallow** recovery of attorney's fees.  Plaintiff has not met its burden of showing which fees go with which collection efforts for which defendant, much less that the requested fee award is reasonable in terms of either hours or rates.

### III.   Conclusion.

For all of the foregoing reasons, plaintiff's Motion for Default Judgment (doc. 17) is **granted**.  Default judgment will be entered in favor of Iberiabank and against defendant Case

Construction, LLC, in the amount of **$395,828.73**, plus interest at the statutory rate from the date of entry of default judgment until paid.  Default judgment will be entered in favor of Iberiabank and against defendant Stephen G. Case in the amount of **$1,493,400.26**, plus interest at the statutory rate from the date of entry of default judgment until paid.  Of that amount, **$395,828.73** is joint and several with the judgment entered against Case Construction, LLC.  Finally, default judgment will be entered in favor of Iberiabank and against defendant Tracey S. Case in the amount of **$1,097,571.53**, plus interest at the statutory rate from the date of entry of default judgment until paid.  The entire amount of the default judgment entered against Tracey S. Case is joint and several with the judgment entered against Stephen G. Case.[9]  Costs will be taxed against defendants in the amount of **$745.00**.[10]

DONE and ORDERED this 3rd day of August, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[9]    The practical effect of these joint and several provisions is as follows: Every dollar collected from defendant Case Construction, LLC, will be applied to the judgments entered against that defendant and defendant Stephen G. Case.  Every dollar collected from defendant Tracey S. Case will be applied to the judgments entered against that defendant and defendant Stephen G. Case.  Every dollar collected from defendant Stephen G. Case will be applied to the judgments entered against that defendant and defendant Tracey S. Case until the latter judgment is satisfied in full, after which every subsequent dollar collected from defendant Stephen G. Case will be applied to the judgments entered against him and against Case Construction, LLC.

[10]    In its filings, Iberiabank requests an award of costs to include $400 for the filing fee for this lawsuit, $345 for process service fees, and $475 for a title report.  (Nicrosi Aff., ¶ 5.)  The filing fee and process-server fees are adequately demonstrated in the court file and are properly recoverable as costs, under the terms of the subject agreements and 28 U.S.C. § 1920.  With respect to the title report, however, plaintiff has made no showing that such a document was reasonably obtained in its collection efforts, so as to be properly taxable under the terms of the subject agreements, much less that it may be taxable under 28 U.S.C. § 1920.  Accordingly, that item of requested costs is disallowed.