IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IBERIABANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-0226-WS-B |
| ) | |
| CASE CONSTRUCTION, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Reconsider and Amend Default Judgment (doc. 21).

On August 3, 2015, the undersigned entered an Order (doc. 19) and Default Judgment (doc. 20), the collective effects of which were to grant plaintiff's Motion for Entry of Default Judgment; to enter default judgment against defendant Case Construction, LLC, in the amount of $395,828.73; to enter default judgment against defendant Stephen G. Case in the amount of $1,493,400.26; and to enter default judgment against defendant Tracey S. Case in the amount of $1,097,571.53.

As part and parcel of the requested default judgment, plaintiff sought an award of attorney's fees based on contractual fee-shifting provisions, as well as $1,220 in costs. Specifically, the Proposed Order submitted by plaintiff with the Motion for Entry of Default Judgment included language providing "that Judgment of attorneys' fees and costs is entered against the defendants Case Construction, L.L.C., Stephen G. Case, and Tracey S. Case in favor of plaintiff IBERIABANK in the amount of $26,220.00." (Doc. 17-4, at 2.) This figure was echoed both in the Application for Entry of Default Judgment (doc. 17, ¶ 11) and in the accompanying Affidavit of Michel Nicrosi, Esq., which stated that "[t]he total fees incurred by the plaintiff in this cause, and anticipated to be incurred through the entry of default judgment, will total $25,000.00." (Doc. 17, Exh. C, ¶ 4.) The Affidavit reflected that the fees sought were for timekeepers Michel Nicrosi and Jerrod Maddox. (*Id.*, ¶ 3.)

However, plaintiff did not adequately support its request for attorney's fees. As the August 3 Order observed, plaintiff failed to disentangle which fees were attributable to which contract, thereby creating a situation in which one defendant might be held liable for attorney's fees incurred by Iberiabank in enforcing a contract to which that defendant was not a signatory. More fundamentally, the August 3 Order noted, plaintiff's submission omitted the necessary detailed information to enable the Court to evaluate the reasonableness of the claimed fees. On that basis, the August 3 Order concluded as follows:

> "Under the circumstances, and given these substantial flaws in plaintiff's proof, the Court exercises its discretion to **disallow** recovery of attorney's fees. Plaintiff has not met its burden of showing which fees go with which collection efforts for which defendant, much less that the requested fee award is reasonable in terms of either hours or rates."

(Doc. 19, at 9.) Notwithstanding the denial of plaintiff's request for $25,000 in attorney's fees, the August 3 Order otherwise granted Iberiabank's request for default judgment to the tune of $1.49 million.

On August 31, 2015, Iberiabank filed its Motion to Reconsider and Amend Default Judgment, pursuant to Rule 59(e), Fed.R.Civ.P. The stated purpose of the Motion is to shore up the deficiencies in attorney's fee proof cited by the August 3 Order as grounds for denial of that aspect of the Motion for Default Judgment. The factual showing accompanying the Motion to Reconsider is extensive. Plaintiff has provided copies of itemized invoices that delineate all billable charges, including detailed time entries specifying which tasks were performed by which timekeepers. Those invoices also break out the time entries, on an entry by entry basis, showing how much time relates to collection efforts for the home equity line of credit extended to Stephen and Tracey Case versus how much time relates to collection efforts for the promissory note executed by Case Construction (and guaranteed by Stephen Case). Plaintiff also furnishes the Supplemental Affidavit of Michel Nicrosi, wherein she further details the nature of the work performed by Iberiabank's counsel in attempting to collect on the subject line of credit and commercial loan. (Doc. 21, Exh. A.)

Motions to reconsider are disfavored in federal court and are granted only in narrowly circumscribed circumstances. *See, e.g., Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court got it wrong," but finding that they seek "an extraordinary remedy" that must be "employed sparingly") (citations omitted). Movant neither

addresses the legal standard for the Motion to Reconsider nor explains how the circumstances presented here fit within the narrow confines of Rule 59(e).  Nonetheless, under the particular circumstances presented here, the Court in its discretion will allow Iberiabank to supplement its previous evidentiary submission to flesh out the factual basis for the requested award of attorney's fees.

There are limits to the permissible scope of that supplementation, however.  In its original Application for Entry of Default Judgment and accompanying exhibits, Iberiabank requested an attorney's fee award of $25,000 to cover work performed by attorneys Nicrosi and Maddox.  Plaintiff expressly represented that the requested $25,000 sum constituted the "total fees incurred by the plaintiff in this cause, and anticipated to be incurred through the entry of default judgment."  In the Motion to Reconsider, however, plaintiff drastically expands the requested fee award from $25,000 to $40,151 – an increase of more than 60% – including thousands of dollars in pre-default judgment billings by at least four other timekeepers at plaintiff's counsel's law firm.  Plaintiff neither explains this substantial enlargement in scope of the attorney's fees sought nor reconciles it with previous submissions in these default proceedings, except by indicating that collection efforts have continued in the interim.  While Iberiabank may reasonably supplement its previous evidentiary submission to substantiate its previous request for an award of $25,000 in attorney's fees as part and parcel of the default judgment entered in this case, plaintiff may not receive a windfall arising from the shortcomings of its previous evidentiary submission by ratcheting the requested attorney's fees upward by more than 60%.  Nor is it appropriate to use Rule 59 to effectuate a parade of amendments to a default judgment each time a new monthly invoice is issued from law firm to client for ongoing collection activities.

In light of the foregoing, it is **ordered** as follows:
1. Plaintiff's "Motion to Reconsider Attorneys' Fees and Costs Application and Amend Default Judgment" (doc. 21) is **granted in part** and **denied in part**;
2. The Motion is **granted** insofar as plaintiff would supplement its previous evidentiary submission to bolster the original request for a $25,000 attorney's fee award, in terms of both allocation of fees between the two loans and reasonableness of fees incurred;
3. Upon review of plaintiff's supplemental evidentiary submission, the Court finds that plaintiff reasonably incurred the sum of **$25,000** in attorney's fees in its

efforts to collect on defendants' debts owed on the subject line of credit and commercial loan, with such funds to be allocated 47.8% toward the line of credit (for which defendants Stephen G. Case and Tracey S. Case are jointly and severally responsible) and 52.2% toward the commercial loan (for which defendants Case Construction, LLC and Stephen G. Case are jointly and severally responsible), in accordance with the itemized breakdown of time entries presented in plaintiff's supplemental filing;

4. Pursuant to the above-referenced attorney's fee award and allocation of same among defendants, the Default Judgment will be **amended** to provide for an additional **$11,963.43** awarded against Stephen G. Case and Tracey S. Case on Count Three; and an additional **$13,036.57** awarded against Case Construction, LLC on Count One and against Stephen G. Case on Count Two; and

5. In all other respects, the Motion to Reconsider and Amend is **denied**.[1]

DONE and ORDERED this 16th day of September, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In support of the Motion, plaintiff filed redacted copies of approximately 40 pages of attorney invoices / billing statements. (*See* Nicrosi Supp. Aff., at Exh. 1.) The redactions are minor and primarily involve deletions of names and substance of privileged communications. Certainly, the gist of the work performed and the reasonableness of the itemized fee entries can be readily ascertained without knowing the contents of the subject redactions. Nonetheless, without leave of court, plaintiff indicated that "unredacted invoices will be delivered to the Court in camera for the Court's review" (Nicrosi Supp. Aff., ¶ 6 & n.1) and in fact provided an unredacted hard copy to the undersigned's chambers on the date the Motion was filed. The proper procedure would have been to file the unredacted documents under seal with an accompanying motion, in accordance with General L.R. 5.2 and Section III.A. of this District Court's *Administrative Procedure for Filing, Signing, and Verifying Documents by Electronic Means*. Nonetheless, the Court concludes that the unredacted versions of the subject invoices need not be maintained in the court file at all, inasmuch as the redacted versions are adequate to support the requested award of attorney's fees. The Court therefore will not direct the Clerk of Court to file these *in camera* materials under seal. Should plaintiff wish to retain the original *in camera* documents, it should make appropriate arrangements to retrieve same from the undersigned's chambers on or before **September 23, 2015**, barring which the *in camera* submission materials will be shredded.