# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IBERIABANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0226-WS-B |
| | ) |
| CASE CONSTRUCTION, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This closed matter comes before the Court on plaintiff's Motion for Charging Orders (doc. 24), and on plaintiff's Supplement to Motion for Charging Orders (doc. 26).

On September 16, 2015, the undersigned entered an Amended Default Judgment (doc. 23) against defendants, Case Construction, LLC; Stephen G. Case; and Tracey S. Case. The Clerk of Court issued a Certificate of Judgment (doc. 24, Exh. A) on October 20, 2015, and judgment debtors' time for appeal has long since expired.

In relevant part, the September 16 Judgment entered a default judgment against defendant Stephen G. Case in the amount of $1,518,400.26, and against defendant Tracey S. Case in the amount of $1,109,534.96, such amount to be joint and several with the judgment entered against defendant Stephen G. Case. Plaintiff represents that these defendants have not satisfied the Amended Default Judgment entered against them. In furtherance of its collection efforts, plaintiff now requests issuance of charging orders against Stephen G. Case's ownership interests in CR Properties, L.L.C.; Case Properties, L.L.C.; and Pointe-A-La Hache Camp, L.L.C.; and against Tracey S. Case's ownership interest in Sullivan Equities, LLC. All of the entities as to which charging orders are sought are Alabama limited liability companies; moreover, plaintiff has made a showing that a named judgment debtor is a member of each corresponding entity. (*See* doc. 26.) Plaintiff indicates that it has served copies of its Motion for Charging Orders not only on the judgment debtors, but also on each of the Alabama limited liability companies in

question. To date, neither defendants nor the subject LLCs have filed any objection or opposition to the Motion, and the response time allotted by Civil L.R. 7(c) has expired.

The relevant Alabama statute provides, in part, as follows: "On application to a court of competent jurisdiction by any judgment creditor of a member or assignee, the court may charge the interest of the member or assignee with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of financial rights." Ala. Code § 10A-5-6.05(a).[1] Plaintiff has made an adequate showing that the statutory requirements for issuance of a charging order are satisfied here with respect to each of the four subject Alabama limited liability companies.

For the foregoing reasons, the Motion for Charging Orders (doc. 24) is **granted**. It is therefore **ordered** that the individual financial interests of Stephen G. Case in CR Properties, L.L.C.; Case Properties, L.L.C.; and Pointe-A-La Hache Camp, L.L.C., be **charged** with payment of the Amended Default Judgment rendered in this action in factor of Iberiabank on September 16, 2015, in the amount of $1,518,400.26, less payments made or credits received. It is likewise **ordered** that the individual financial interests of Tracey S. Case in Sullivan Equities, L.L.C., be **charged** with payment of the Amended Default Judgment rendered in this action in favor of Iberiabank on September 16, 2015, in the amount of $1,109,534.96, less payments made or credits received. It is further **ordered** that the LLCs must report to the plaintiff each time a distribution is made with respect to any transferable interest (listing the amount and time of all

---

[1] This Alabama statute governs plaintiff's request because "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Rule 69(a)(1), Fed.R.Civ.P.; *see generally Regions Bank v. Stewart*, 2011 WL 1827453 (S.D. Ala. May 10, 2011) (discussing and applying Alabama charging order procedure by which judgment creditor may execute on judgment debtor's interest in limited liability company). Also, the Court recognizes that the Alabama legislature enacted a new charging order statute, found at Alabama Code § 10A-5A-5.03, as part of the Alabama Limited Liability Company Law of 2014. At present, however, this new statute governs only "a limited liability company formed on or after January 1, 2015," unless an earlier-formed LLC formally elects to be governed by it. Ala. Code § 10A-5A-12.01(a). The information before the Court shows that the four LLCs at issue were formed prior to January 1, 2015, and there is no indication that any of them have amended or restated their operating agreements to be bound by the new law; therefore, the earlier iteration of the charging order statute found at § 10A-5-6.05(a) governs here.

distributions made in connection with that distribution), and must further distribute to Iberiabank any amounts that become due or distributable to either Stephen G. Case or Tracey S. Case.

DONE and ORDERED this 19th day of September, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE